## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**HOWARD J. NELSON**  CIVIL ACTION

**VERSUS**

**22-43-JWD-SDJ**

**WILLIAM R. PENTON, III, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 25, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HOWARD J. NELSON**                                     **CIVIL ACTION**

**VERSUS**

                                                                    **22-43-JWD-SDJ**

**WILLIAM R. PENTON, III, et al.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff Howard J. Nelson's Complaint. On January 26, 2022, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (R. Doc. 3). As Plaintiff is now proceeding IFP, this Court has performed a review pursuant to 28 U.S.C. § 1915(e), including a hearing held on April 27, 2022, to determine whether the Complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim upon which relief may be granted.

**I.    Plaintiff's Allegations**

On January 1, 2022, Plaintiff filed a form Complaint (R. Doc. 1), naming as Defendants attorney William R. Penton, III; Judge Jeffrey Johnson of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana ("21st JDC"); and three Clerks of Court from the 21st JDC—Kelsey Miller, Megan Graham, and Gary T. Stanga.[1] The Statement of Claim made by Plaintiff in his Complaint states in its entirety: "Attorney William R. Penton, III, LA Bar 34341 false [sic] a petition under false representation and mail fraud."[2] In his Prayer for Relief, Plaintiff claims, "I want these people to stop stilling [sic] property from people who don't know better, their system is corrupt."[3] Attached to Plaintiff's Complaint is a Grant Deed concerning property in

---

[1] R. Doc. 1 at 1-2.
[2] *Id.* at 2.
[3] *Id.*

California purportedly being granted to Plaintiff as his sole property as well as a Petition to Make Judgment Executory filed in the case captioned *In Re: Howard J. Nelson v. Sonja Edmonds Nelson*, filed in the 21st JDC.[4]  No further information is provided.

## II.    Law and Analysis

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Dismissal under § 1915(e) may be made before service of process.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325,109 S.Ct. 1827,1831-32, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton*, 504 U.S. at 32-33; *see also Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible").  Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).  When reviewing a Rule

---

[4] R. Doc. 1-1 at 1-2.

12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. Plaintiff fails to state a plausible claim against any Defendant

In his Complaint, Plaintiff asserts claims against five (5) separate named Defendants. However, neither in his Complaint nor during the April 27, 2022 hearing does Plaintiff assert a viable cause of action against any named Defendant. As stated above, the entirety of Plaintiff's prayer for relief is: "I want these people to stop stilling [sic] property from people who don't know better, their system is corrupt."[5] Upon questioning Plaintiff about his assertions, Plaintiff explained that he previously underwent a divorce in California state court and that his ex-wife has now instigated proceedings in Louisiana state court pertaining to that prior divorce proceeding. Plaintiff's allegations stem from this subsequent Louisiana state court case.

Listed as the first Defendant is William R. Penton, III ("Penton"), an attorney in Harvey, Louisiana, who is representing Plaintiff's ex-wife in the aforementioned state court case. In the statement of claim made in his Complaint, Plaintiff writes: "Attorney William R. Penton, III LA

---

[5] R. Doc. 1 at 2.

Bar 34341 false [sic] a petition under false representation and mail fraud." No additional information is provided in the Complaint. However, during the hearing, when asked what Penton did to warrant suit being filed against him, Plaintiff responded: "He filed suit against me." Plaintiff claimed that the Petition to Make Judgment Executory filed in the state court case (attached to his Complaint) was based on false pretenses because his wife had no interest in the property at issue, having previously signed a Grant Deed giving Plaintiff sole ownership of the property.[6] He further took issue with an unidentified "summons" which, per Plaintiff, made it look like Penton was representing Plaintiff, not his ex-wife. As explained by Plaintiff, he claimed false representation only because the state court suit against him is baseless. In addition, he admitted that he alleged mail fraud based on his viewing of the movie *The Firm*, which indicated to him that certain things being put in the mail can constitute a federal offense. However, Plaintiff never once has alleged that the documents received by him were false or fraudulent or that Penton did anything other than actions taken in the normal course of representing a client—here, Plaintiff's ex-wife—in a legal matter. And while Plaintiff may vehemently disagree with the claims being asserted against him in the suit pending in state court, this disagreement is not the basis for a federal lawsuit. As such, Plaintiff has demonstrated no wrongdoing on the part of Penton and, therefore, has failed to state a claim against him.

The next three Defendants are Kelsey Miller, Megan Graham, and Gary T. Stanga, all listed as Clerks of Court for the 21st JDC in Tangipahoa Parish.[7] No specific allegations against any of these Defendants are alleged by Plaintiff in his Complaint. When asked about allegations against Miller at the hearing, Plaintiff said he did not know who Miller is and provided no further

---

[6] R. Doc. 1-1 at 1. The Court here notes that the validity of any state-court document or ruling referenced and/or submitted by Plaintiff is not before this Court.
[7] R. Doc. 1 at 2.

information about her alleged involvement in this matter or any alleged violation she committed. When questioned about Graham, Plaintiff stated that she signed a "summons" and that when he went to the Clerk's Office to ask about said "summons," she told him she simply was asked to sign the form.[8]  However, after describing Graham's alleged involvement in this matter at the hearing, Plaintiff then characterized her as "an innocent bystander."  Finally, with regard to Stanga, the Clerk of Court for Tangipahoa Parish, Plaintiff stated that while Stanga's signature is not on any documents, and while Plaintiff does not know if Stanga is involved in any way, Stanga is the "head clerk" and "shot caller."

Here, Plaintiff has failed to allege legal wrongdoing by any of the three Clerks.  Not only that, but the Clerks likely also are protected by absolute immunity for actions taken in their official capacity.  *See Williams v. U.S. Dep't of Justice*, No. 16-177, 2016 WL 2354471, at *3 (M.D. La. Apr. 13, 2016) ("With regard to the … Clerk of Court … it is well settled that these individuals are protected by absolute immunity for actions taken in their judicial/official capacity."); *Dupard v. Lopinto*, No. 19-1982, 2020 WL 1503619, at *12 (E.D. La. Mar. 30, 2020) ("The Fifth Circuit has extended the doctrine of judicial immunity to clerks of court" … who "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages.").  As such, Plaintiff has failed to state a viable claim against Defendants Miller, Graham, and Stanga.

The final Defendant listed is 21st JDC Judge Jeffrey Johnson.  When questioned about Judge Johnson's alleged misdeeds, Plaintiff stated that he did not know if Judge Johnson was the

---

[8] During the hearing, Plaintiff tendered certain exhibits to the Court, none of which was a summons.  Nor was a summons attached to Plaintiff's Complaint.  However, Plaintiff did tender a Notice of Rendition of Judgment issued by the Clerk of Court for Tangipahoa Parish and signed by Megan Graham.  Said Notice simply provides notice that "Judgement was Read Rendered and Signed on January 13, 2022," with a copy of said judgment apparently attached to the Notice, though not provided to the Court.  This is the only document to which the Court can surmise Plaintiff is referring.

judge assigned to his state court case but that his signature was on a document in said case. Otherwise, per Plaintiff, Judge Johnson has no other connection to this matter. Once again, Plaintiff has failed to allege any wrongdoing by Judge Johnson. Moreover, "[i]t is well-established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings." *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct, 1213, 1217-18, 18 L.Ed.2d 288 (1967)); *Williams*, 2016 WL 2354471, at *3 ("[A] judge does not lose immunity even if he was in error, took action maliciously, or acted in excess of his authority."). As such, the Court finds that Plaintiff has failed to state a claim of action against Judge Johnson.

### B. No Leave to Amend

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal "unless it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Here, Plaintiff admitted during the hearing that he did not intend to file a lawsuit; instead, he simply was trying to file a complaint. He stated that he initially had tried to file a complaint with "consumer protection" but could not get in touch with anyone. He further stated that he was not trying to sue anyone; rather, he just wanted them to know what they did was not right and for them to leave him alone. As such, the Court finds that any amendment would be futile. There are

no facts Plaintiff could allege that would state a valid claim against any of the named Defendants in this case, as Plaintiff has not alleged a legal violation by any Defendant. As such, it recommended that Plaintiff not be given an opportunity to amend his Complaint.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on May 25, 2022.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**